JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SLEVEN JENKINS,

      Petitioner,

v.

CHRISTIAN PFEIFFER, Warden,

      Respondent.

Case No. CV 21-3498 DMG (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

    The Court dismisses this habeas corpus action for failure to state a cognizable claim.

\* \* \*

    1.    Petitioner is a state prisoner. He is serving a sentence of 31 years to life based on his 2005 armed robbery conviction and the state's Three Strikes sentencing scheme. (Docket # 1 at 33.)

    2.    On federal habeas review, Petitioner contends that he is entitled to an earlier parole hearing or resentencing based on

1  Proposition 57. That initiative amended the California Constitution [Art. I,
2  § 32] to make nonviolent offenders eligible for early parole consideration.[1]

3      3.    The Attorney General moved to dismiss the petition. (Docket
4  # 7.) The Attorney General contends that Petitioner's state law claim does
5  not present a federal issue upon which relief may be granted. The state
6  also argues that Petitioner's parole-based claim does not lie at the core of
7  habeas.

8      * * *

9      4.    Claims based on state law are not cognizable on federal habeas
10 review. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);
11 Clayton v. Biter, 868 F.3d 840, 845 (9th Cir. 2017). Federal habeas relief is
12 only available where a prisoner alleges a violation of a right under the
13 federal constitution. A prisoner cannot "transform a state-law issue into a
14 federal one merely by asserting a violation of due process." Langford v.
15 Day, 110 F.3d 1380, 1389 (9th Cir. 1996). As a result, federal habeas relief
16 is "unavailable for an alleged error in the interpretation or application of
17 state law." Windham v. Merkle, 163 F.3d 1092, 1107 (9th Cir. 1998).
18 Moreover, a state court's interpretation of its own law "binds a federal
19 court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76
20 (2005).

21     5.    Numerous federal courts have concluded that a prisoner who
22 challenges the interpretation and application of Proposition 57 does not
23 state a cognizable federal constitutional claim. E.g., Morgan v. Gastelo,
24 No. CV 20-3538 JAK (MRW), 2020 WL 7051089 at *2 (C.D. Cal. 2020)

---

[1] The state appellate court denied habeas relief to Petitioner last year because, inter alia, it concluded that Petitioner did receive an early parole consultation. People v. Jenkins, 2020 WL 6281441 at *1 (Cal. App. 2020). (He apparently lost his bid for parole.) This strongly suggests that Petitioner's federal action is moot.

2

1  (claim based on Prop. 57 "failed to assert a federal constitutional basis for
2  habeas relief under AEDPA"); Harrington v. Covello, 2020 WL 3270826 at
3  *3 (S.D. Cal. 2020) (claim regarding eligibility for early parole
4  consideration under Prop. 57 "raises only an error of state law" and falls
5  "outside the core of habeas"); Wilson v. Biter, 2018 WL 3197815 at *2 (E.D.
6  Cal. 2018) (Prop. 57 claim "only asserting a violation or misinterpretation
7  of state law" cannot lead to habeas relief); Brown v. Cal. Dep't of Corr., No.
8  CV 21-505 RGK (JDE), 2021 U.S. Dist. LEXIS 73186 at *2 (C.D. Cal. 2021)
9  (claim that CDCR regulation is "inconsistent" with Prop 57 is "exclusively a
10 matter of state law").

11     6.    Moreover, habeas corpus relief is available in federal court only
12 if success on the claim would "necessarily lead to immediate or speedier
13 release" from custody.  Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir.
14 2016).  If agency discretion or other factors (such as the outcome of a future
15 parole hearing) could separately prevent an earlier release from prison, the
16 claim "falls outside of the core of habeas corpus." Id. at 935.

17     7.    To that end, federal courts regularly conclude that prisoner
18 actions based on Proposition 57 do not state a legitimate habeas corpus
19 claim.  Gleghorn v. Gastelo, No. CV 20-5942 CJC (PLA), 2020 WL 3833600
20 at *2-4 (C.D. Cal. 2020) (challenge to "violent" designation of burglary
21 conviction under Prop. 57 "would not compel a grant of parole" or early
22 release); Medlock v. Lozono, No. 19-4228 GW (JDE), 2020 WL 2095806
23 at *12 (C.D. Cal. 2020) (Prop. 57 "does not call provide for existing
24 prisoners to be resentenced"; favorable ruling "does not command [ ]
25 release from prison"); Alexander v. Gastelo, No. SA CV 18-788 JFW (SHK),
26 2019 WL 1104616 at *2 (C.D. Cal. 2019) (prisoner's claims for credits under
27 Prop 57 "do not fall within the core of habeas corpus").
28

8. Petitioner has not stated a cognizable federal habeas claim. Petitioner failed to identify any federal constitutional basis for his contentions regarding Proposition 57. His petition presents arguments about the meaning and operation of state law that are not reviewable in this federal court. 28 U.S.C. § 2254(a); McGuire, 502 U.S. at 67-68; Clayton, 868 F.3d at 845; Harrington, 2020 WL 3270826 at *3.

9. Additionally, what Petitioner really seeks in this case is an earlier (or, given his recent hearing, another) parole hearing at which to ask for release from custody. Because release will be contingent on the outcome of that hearing, the current action will not "necessarily lead to immediate or speedier" end of his prison term. Nettles, 830 F.3d at 934. His claims fall outside the parameters of habeas. Cleghorn, 2020 WL 3833600; Medlock, 2020 WL 2095806.

Therefore, the present action is hereby DISMISSED for failure to state a claim.

IT IS SO ORDERED.

DATED: October 22, 2021

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE